Filed 10/30/23  Anderson v. Love CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSEPH ANDERSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JULIA LOVE,<br><br>    Defendant and Respondent. | A167537<br><br>(Alameda County<br>Super. Ct. No. 22CV019475) |

Plaintiff Joseph Anderson appeals after the trial court sustained a demurrer to his complaint without leave to amend on the ground that the action is barred by the applicable statutes of limitations.  Plaintiff contends the action is timely under continuing-wrong accrual principles based on the allegation that defendant Julia Love continued to pose an ongoing threat to him during the limitations period.  He further contends the court abused its discretion in refusing to grant him leave to amend.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

We take the following factual allegations from the operative complaint, which plaintiff filed on October 12, 2022.

Plaintiff and defendant were neighbors on the same block of Alcatraz Avenue in Oakland.  On February 18, 2016, plaintiff's car was parked near defendant's residence when a yard worker hired by defendant damaged plaintiff's vehicle with a rake.  Rather than apologize for the incident,

1

defendant falsely accused plaintiff of " 'harassing' and 'threatening' her." Later that same day, defendant "either came out of her house and physically and verbally confronted" plaintiff or "called the police" on him whenever plaintiff walked past defendant's house. Defendant told plaintiff he had no right to park near her home because he " 'does not live in the neighborhood' " (even though he does). She also filed a police report falsely accusing plaintiff of making direct and specific physical threats and stalking her, and she recruited her neighbor, Chaundera Wolfe, to monitor and follow plaintiff.

Plaintiff was arrested on the evening of February 18, 2016, and charged with making criminal threats. (Pen. Code, § 422.) The trial court initially imposed a protective order requiring plaintiff to avoid communicating with defendant and to stay 50 yards from her. Plaintiff later negotiated a modified protective order that permitted him to walk and park his vehicle in the neighborhood and required him only to refrain from making personal contact with defendant. Although plaintiff complied with the modified protective order, on August 15, 2016, defendant filed an application for a "civil protective order" against plaintiff. In her supporting application, defendant "grossly misrepresented" plaintiff's acts of parking his car and walking past her residence as " 'stalking' her." The trial court granted defendant's application and imposed a restrictive civil protective order on plaintiff.

On April 28, 2017, the prosecutor "grudgingly dismissed" the criminal case and the criminal restraining order.

The complaint asserts four causes of action against defendant for: (1) making a false police report and false statements to the trial court; (2) harassment; (3) defamation; and (4) racially-based harassment. Throughout the complaint, plaintiff emphasizes that he is Black and

2

defendant is White, and he accuses defendant of perpetuating "the so-called 'New Jim Crow' " by trying to control him on public streets.

The complaint further alleges that "[t]he harm caused to Plaintiff by [defendant] by these actions is ongoing in nature and continues to be a threat" because defendant "has repeatedly called the police, made false accusations, taken (or had other people take) pictures of Plaintiff and his car, and even came out of her house to harass, provoke and confront Plaintiff during the course of the events described in this complaint. Plaintiff is concerned that she will once again attempt to otherwise harass, provoke and intimidate Plaintiff whenever [he] attempts to exercise his right to free movement in his own neighborhood. Plaintiff is also concerned that Defendant Love will again try to put one of her friends or neighbors up to doing the same. This has caused Plaintiff stress and emotional distress, and it has caused [him] to fear walking down the public sidewalk in his own neighborhood out of concern that if Defendant Love ever sees Plaintiff pass (peacefully and harmlessly) by, she will re-initiate criminal charges and/or engage in other retaliatory acts."

Defendant demurred to the complaint on the multiple grounds that it failed to state a cause of action; it was barred under the doctrine of res judicata by a prior small claims court judgment in defendant's favor; and it was untimely. In support of the demurrer, defendant requested judicial notice of: (1) the criminal case files in "the matter of Julia Love and Chaundera Wolfe vs. Joseph Anderson [case Nos.] RG16827969 and RG16827972"; (2) the case file in the small claims action between plaintiff and defendant (case No. RS17869951); (3) the notice of entry of judgment in the small claims action; (4) the complaint filed by plaintiff in the small claims action on August 2, 2017; (5) the Oakland Police Department crime report,

3

dated February 18, 2016; (6) a "Sign with Criminal Threats which Plaintiff posted on trees and neighbors' doors surrounding [defendant's] on [sic] home for which Plaintiff was arrested on February 18, 2016"; (7) a civil harassment restraining order issued in case No. RG16827969, dated September 12, 2016; and (8) plaintiff's response to defendant's request for a civil harassment restraining order.

Plaintiff opposed the demurrer and requested judicial notice of "the case file in the criminal case filed against Plaintiff at the instigation of Defendant." Attached to the request was a minute order reflecting the dismissal of the criminal threats charges and a "Notice of Termination of Protective Order in Criminal Proceeding," both dated April 28, 2017.

As relevant here, the trial court determined the complaint was untimely because "the last date alleged in the Complaint is April 28, 2017, which would make the Complaint—filed over 5 years later—untimely under even the longest statute of limitations." The court rejected application of the continuing violation doctrine or continuous accrual theory because the complaint failed to allege any "ongoing wrongs," and instead "affirmatively alleges that any ongoing conduct occurred 'during the course of events described in this complaint,' which spans from February 18, 2016 through April 28, 2017." The court further noted that even if the statute of limitations was tolled pursuant to the Judicial Council's emergency rule 9 during the COVID-19 pandemic,[1] "it would not be sufficient to make Plaintiff's claims timely."

---

[1] "In response to the COVID-19 pandemic, the Judicial Council adopted a series of emergency rules effective April 6, 2020." (*People v. Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33, 38.) As relevant here, emergency rule 9 tolled civil statutes of limitations that exceed 180 days from April 6, 2020, until October 1, 2020. (*Ibid*.)

4

In denying leave to amend, the trial court rejected plaintiff's argument that the complaint could be amended to state a timely claim with allegations that defendant committed " 'continuing' " wrongs by refusing to leave the neighborhood and/or having friends in the neighborhood that "continued to pose a 'threat' " to him.[2]  The court ordered the complaint dismissed with prejudice, and plaintiff timely appealed.

## DISCUSSION

"In reviewing a demurrer order, we independently evaluate the challenged pleading, construing it liberally, giving it a reasonable interpretation, reading it as a whole, and viewing its parts in context. [Citation.]  We treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law.  [Citation.]  We determine de novo whether the factual allegations of the challenged pleading are adequate to state a cause of action under any legal theory." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 51.)  "We also consider matters which may be judicially noticed." (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591.)[3]

---

[2]     In light of its ruling on the statute of limitations, the trial court expressly declined to reach the other grounds for the demurrer.

[3]     Here, however, we do not consider any matters subject to judicial notice.  As previously noted, both sides requested judicial notice of various court records, and defendant additionally sought judicial notice of the police report from the day of plaintiff's arrest and a "Sign with Criminal Threats" that plaintiff purportedly posted on or around defendant's home.  While court records are permissible subjects of judicial notice (Evid. Code, § 452, subd. (d)), police reports are not (*In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 498), and defendant cites no authority for taking judicial notice of the "Sign with Criminal Threats."  Furthermore, there is no indication in the record that the trial court granted the parties' requests, either in full or in part, and neither side has filed a motion for judicial notice in this court.  (See Cal. Rules of Court, rule 8.252(a).)  Accordingly, we will

"A complaint disclosing on its face that the limitations period has expired in connection with one or more counts is subject to demurrer." (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 962.) To sustain a demurrer on this ground, "the untimeliness of the lawsuit must clearly and affirmatively appear on the face of the complaint and matters judicially noticed." (*Coalition for Clean Air v. City of Visalia* (2012) 209 Cal.App.4th 408, 420 (*Coalition*).) "[W]hen the relevant facts are not clear such that the cause of action might be, but is not necessarily, time-barred, the demurrer will be overruled." (*Ibid.*)

"Generally, a ' "cause of action accrues 'when [it] is complete with all of its elements'—those elements being wrongdoing, harm, and causation." [Citation.] This is [called] the "last element" accrual rule: ordinarily, the statute of limitations runs from "the occurrence of the last element essential to the cause of action." ' " (*Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1124 (*Willis*).)

To determine the applicable statute of limitations, we look to the nature or " 'gravamen' " of the cause of action rather than the form of action or relief demanded. (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22–23.) Here, the statute of limitations for the first cause of action for false police report/statements—which alleges an infringement of plaintiff's personal rights akin to malicious prosecution—is two years under Code of Civil Procedure section 335.1. (See *Stravopoulos v. Superior Court* (2006) 141 Cal.App.4th 190, 192.) The applicable limitations period for the third cause of action of defamation is one year under Code of Civil Procedure section 340, subdivision (c). (See *Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1246.) As

---

focus our attention solely on the allegations of the complaint to determine whether it is time-barred.

6

for the harassment claims, the trial court applied a three-year limitations period under Code of Civil Procedure section 338, which governs actions for liability created by statute, and as neither party contends otherwise, we will assume for the sake of argument that a three-year statute of limitations applies.

Based on these limitations periods and the authorities cited above, we conclude the complaint is time-barred. The complaint revolves mainly around the events of February 18, 2016 (e.g., when defendant allegedly confronted and monitored plaintiff in a harassing manner, falsely accused him of threatening and stalking her, and filed a false police report that led to his arrest) and August 15, 2016 (e.g., when defendant applied for a civil protective order against plaintiff under false pretenses). The one-year statute of limitations for defamation and the three-year statute of limitations for harassment began to run on or around those dates, for it was at those times that the claims were complete with all their elements (*Fox v. Ethicon Endo-Surgery. Inc.* (2005) 35 Cal.4th 797, 806 (*Fox*)), and " 'appreciable and actual harm' [was] caused by the wrongful conduct" (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 317 (*Santa Clara*)). The two-year statute of limitations for the false police report claim began to run as of April 28, 2017, when the criminal case was dismissed, for at this time, the requisite elements, including the favorable termination element, were complete. (See *Crowley v. Katleman* (1994) 8 Cal.4th 666, 676.) Plaintiff does not allege or argue delayed discovery of any of the facts essential to his claims. (See *Fox*, *supra*, 35 Cal.4th at p. 808.) Accordingly, the untimeliness of his complaint, filed on October 12, 2022, clearly and affirmatively appears on its face. (*Coalition*, *supra*, 209 Cal.App.4th at p. 420.)

The same conclusion holds true if we account for tolling under emergency rule 9. (See fn. 1, *ante*.) As of April 6, 2020, when tolling under emergency rule 9 commenced, plaintiff had just over three weeks before the longest limitations period of any of his claims (e.g., three years) ended. Tolling ended on October 1, 2020, but plaintiff did not file suit until more than two years later.

We acknowledge that in addition to the date-specific events described in the complaint, there are more generalized allegations that defendant "repeatedly" called the police on plaintiff "every time [he] walked past her house after the initial incident earlier that day" and recruited others to monitor plaintiff in the neighborhood. Though the complaint does not assign specific dates to these incidents, it otherwise describes them as taking place "during the course of the events described in this complaint," which apparently references the same time period discussed above (e.g., February 18, 2016, to April 28, 2017) when the specific "events described in this complaint" occurred. As such, the generalized nature of these allegations provides no basis to construe the complaint as alleging wrongful conduct occurring in the three-year period (or, three-and-a-half-year period, in light of emergency rule 9) preceding the filing of the complaint. Notably, plaintiff has not argued, either below or on appeal, that the complaint alleges defendant's commission of any wrongful conduct during the applicable limitations periods. In fact, he acknowledges defendant's "lack of a re-initiation of criminal charges or renewal of a civil protective order" since the initial incidents in 2016 and 2017, but he attributes this to his own avoidance of defendant's residence "out of fear of what [she] might do." Be that as it may, plaintiff still concedes he is not alleging any wrongful conduct by defendant during the applicable limitations periods.

Plaintiff nevertheless contends the complaint is timely under continuing-wrong accrual principles because he alleges an "ongoing threat of retaliation" by defendant due to her "history of calling the police whenever she saw [plaintiff] walk along the street, and her use of a civil restraining order procedure to bypass the order of the criminal case judge." We are not persuaded.

There are "two main branches" of the continuing-wrong accrual principles: the continuing violation doctrine and the theory of continuous accrual. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1197 (*Aryeh*).) " 'The continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them.' [Citations.] Consequently, the continuing violation doctrine 'allows liability for unlawful . . . conduct occurring outside the statute of limitations if it is sufficiently connected to unlawful conduct within the limitations period.' [Citations.] For the continuing violation doctrine to apply, a plaintiff must show the defendant engaged in 'a pattern of reasonably frequent and similar acts [that] may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period.' " (*Willis*, *supra*, 48 Cal.App.5th at p. 1124.)

Nothing in the complaint warrants application of the continuing violation doctrine. Plaintiff does not allege that defendant engaged in frequent and similar acts partially outside and partially inside the limitations period. (*Willis*, *supra*, 48 Cal.App.5th at p. 1124.) Rather, he alleges acts occurring only outside the limitations period in or around 2016 and 2017. His alleged "concern" of an "ongoing" "threat" of retaliation during

9

the limitations period due to defendant's past conduct is insufficient to invoke the continuing violation doctrine because it is not based on "at least one act [that] occurred within the filing period." (*Morgan v. Regents of the University of California* (2000) 88 Cal.App.4th 52, 64 (*Morgan*).)

Plaintiff's reliance on the continuous accrual theory fares no better. This theory applies when there is "a continuing or recurring obligation" and supports recovery only for damages arising from breaches occurring within the limitations period. (*Aryeh*, *supra*, 55 Cal.4th at p. 1199.) " 'When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period.' [Citation.] Because each new breach of such an obligation provides all the elements of a claim—wrongdoing, harm, and causation [citation]—each may be treated as an independently actionable wrong with its own time limit for recovery." (*Ibid.* [unfair competition claim not categorically time-barred where defendant's monthly bills contained unfair or fraudulent charges, some of which allegedly fell within the limitations period]; see *Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 820 [taxpayers challenging validity of utility tax ordinance properly invoked continuing accrual theory by alleging new injuries whenever city collected taxes without valid legal authority].) Here, however, the complaint fails to allege any independently actionable breaches by defendant of a "continuing or recurring obligation" within the limitations period. (*Aryeh*, at p. 1199.) As discussed, the complaint alleges acts occurring only outside the limitations period.

As a public policy matter, statutes of limitations serve "to give defendants reasonable repose, thereby protecting parties from 'defending stale claims, where factual obscurity through the loss of time, memory or supporting documentation may present unfair handicaps.' [Citations.] A

10

statute of limitations also stimulates plaintiffs to pursue their claims diligently." (*Fox, supra*, 35 Cal.4th at p. 806.) Plaintiff does not allege or argue delayed discovery of the facts essential to his claims (*id.* at p. 808), and there appears no dispute he knew about the alleged wrongful conduct and resulting harm either as they occurred or shortly thereafter. On this record, defendant is entitled to reasonable repose from plaintiff's now stale claims arising out of incidents that occurred in 2016 and 2017.

Based on the foregoing, we conclude the trial court correctly sustained the demurrer to plaintiff's complaint on the ground that it is barred by the applicable statutes of limitations.

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).) On the record before us, we see no abuse of discretion.

Plaintiff maintains he should have been granted leave to amend because the record shows he was subject to the civil restraining order wrongfully obtained by defendant up until September 12, 2019, and "[i]f this date is used as the trigger for the running of the statute of limitations, and given that Emergency Rule 9 tolled statutes of limitations from April 6, 2020 to October 1, 2020 [citation], [plaintiff's] claim for harassment would be timely." We cannot agree. As previously noted, a cause of action accrues when it is complete with all of its elements (*Fox, supra*, 35 Cal.4th at p. 806), or when " 'appreciable and actual harm' is caused by the wrongful conduct" (*Santa Clara, supra*, 137 Cal.App.4th at p. 317). Here, to the extent the

11

harassment claims are based on defendant's false statements in support of the civil harassment restraining order, the claims accrued on or around the time the restraining order was issued in 2016, for it was then that plaintiff suffered appreciable and actual harm caused by the alleged wrongful conduct. Plaintiff cites no authority suggesting the statute of limitations on a claim related to a wrongfully-obtained civil harassment restraining order is tolled throughout the entire duration of the restraining order.

Plaintiff next contends leave to amend was wrongfully denied because defendant continued to make "false representations" about him during the trial court proceedings. His sole example is a statement by defendant's attorney that referenced an exhibit filed in support of the demurrer that was offered to show plaintiff posted a handwritten sign containing threats around defendant's house. Plaintiff claims the statement accompanying the exhibit was defamatory because defendant "neglected to mention" that the criminal case was dismissed without any "legal determination" that plaintiff made criminal threats. Again, we are unpersuaded.

Even assuming the attorney's statement could be attributed to defendant for purposes of defamation law, the alleged defamatory statement merely states in full that defendant requests judicial notice of: "6. Sign with Criminal Threats which Plaintiff posted on trees and neighbors' doors surrounding [defendant's] home for which Plaintiff was arrested on February, 18, 2016, a copy of which is attached as Exhibit D." This statement does not have the defamatory meaning that plaintiff suggests. " '[A] defamatory meaning must be found, if at all, in a reading of the publication as a whole.' " (*Balzaga v. Fox News Network, LLC* (2009) 173 Cal.App.4th 1325, 1337–1338.) " '[I]t is not the literal truth or falsity of each word or detail used in a statement which determines whether or not it is defamatory; rather, the

12

determinative question is whether the "gist or sting" of the statement is true or false, benign or defamatory, in substance.' " (*Issa v. Applegate* (2019) 31 Cal.App.5th 689, 702.)  Here, the gist of the challenged statement, viewed as a whole, is that the attached exhibit was a document that plaintiff posted on or around defendant's home, and that it was the basis "for which Plaintiff was arrested" on February 18, 2016.  The statement contains no suggestion that a legal determination of plaintiff's guilt for the crime of criminal threats had been made; nor does plaintiff dispute that he posted the sign or that it led to his arrest.

Finally, even assuming (generously) that the statement is both defamatory and attributable to defendant, we see no reasonable possibility that amending the complaint to allege this single statement would cure the statute of limitations defect.  The continuing violation doctrine applies only where the conduct inside and outside the limitations period constitutes "frequent and similar acts" that justify treating them as "an indivisible course of conduct actionable in its entirety." (*Aryeh*, *supra*, 55 Cal.5th at p. 1198.)  As such, the act occurring within the filing period cannot be an " 'isolated, intermittent act[]' " but must be part of " 'a persistent, on-going pattern.' " (*Morgan*, *supra*, 88 Cal.App.4th at p. 64.)  Here, plaintiff fails to persuade us that the single statement in question, made in a December 2022 request for judicial notice, is appropriately treated as part of an indivisible, persistent, and ongoing course of frequent and similar conduct that defendant has maintained since 2016 and 2017, particularly as plaintiff concedes defendant committed no wrongful conduct during the applicable limitations periods preceding the filing of the complaint.  Nor does plaintiff provide any argument or authority that the statement in question constitutes an independently actionable breach of a continuing or recurring obligation of

defendant for purposes of the continuous accrual theory. (*Aryeh*, *supra*, 55 Cal.4th at p. 1199.)[4]

In sum, plaintiff fails to carry his burden of proving a reasonable possibility of curing the statute of limitations defect appearing clearly and affirmatively on the face of his complaint. Accordingly, leave to amend was properly denied. (*Blank*, *supra*, 39 Cal.3d at p. 318.)

## DISPOSITION

The judgment is affirmed. In the interests of justice, each party shall bear its own costs on appeal. (See Cal. Rules of Court, rule 8.278(a)(5).)

_____
Fujisaki, Acting P.J.

WE CONCUR:

_____
Petrou, J.

_____
Rodríguez, J.

*Anderson v. Love*  (A167537)

---

[4] Though not briefed by the parties, the statement in the request for judicial notice appears protected and nonactionable pursuant to the litigation privilege (Civ. Code, § 47, subd. (b)), which is absolute and applies to any communication that is made in a judicial proceeding to achieve the objects of the litigation and that has some connection or logical relation to the action. (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.)